UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN KOZAR AND TRENA PAPAGEORGE, as Co-Trustees of the Kozar-Papageorge Family Trust dated October 22, 2003,<br><br>Plaintiffs,<br><br>vs.<br><br>CITIMORTGAGE INC., a New York corporation, et al.,<br><br>Defendants. | CASE NO. 13cv1835 DMS (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**[Docket No. 10]** |

This case comes before the Court on Defendant's motion to dismiss Plaintiffs' Complaint. Plaintiffs filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court grants in part and denies in part Defendant's motion.

**I.**

**BACKGROUND**

On or about January 27, 2003, Plaintiffs Julian Kozar and Trena Papageorge signed a promissory note ("Note") to purchase the real property located at 3357 Via Del Cielo in Fallbrook, California. The lender identified in the Note is Reunion Mortgage, Inc. ("Reunion"). The Deed of Trust on the property lists First American Title ("First American") as the Trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.

On January 31, 2003, the day after the Deed of Trust was recorded, Reunion executed an assignment of the Deed of Trust to ABN Amro Mortgage Group, Inc. ("Amro"). Plaintiffs allege that

1 assignment was void "because Reunion had no authority to assign MERS's interest in the Deed of
2 Trust to Amro." (Compl. ¶ 8.)

3       On April 1, 2003, Amro assigned Plaintiffs' loan to a trust known as the ABN Amro Mortgage
4 Group, Inc. Multi-Class Mortgage Pass-Through Certificates, Series 2003-5 ("the Amro Trust").

5       On October 24, 2003, Plaintiff recorded a Trust Transfer Deed transferring their interest in the
6 Property to themselves as Trustees of the Kozar-Papageorge Family Trust.

7       In 2007, Defendant CitiMortgage, Inc. ("Citi") acquired Amro.

8       On March 29, 2012, MERS executed an assignment of the Deed of Trust to Reunion. That
9 assignment states "it is being recorded to fix the break in chain between the original beneficiary and
10 the assignment that recorded on 3/11/2003 as DOC#2003-0270612."[1]

11       After Citi acquired Amro, Plaintiffs applied for a modification of their loan. Citi lost
12 Plaintiffs' paperwork, and thus Plaintiffs reapplied for a loan modification a few months later in
13 August 2010. Plaintiffs were granted a six-month trial period for the loan modification. At the end
14 of the six months in February 2011, Plaintiffs were told to reapply for a permanent modification of
15 their loan, keep making their payments under the trial modification and to call back in three months.
16 Three months later in May 2011, Plaintiffs' payment was returned and a Citi employee told Plaintiffs
17 their loan was being sent to the foreclosure department because Plaintiffs failed to provide necessary
18 documents. Two months after that, a Notice of Default was filed against Plaintiffs' property. Nearly
19 one year later in May 2012, another Citi employee informed Plaintiffs that the investor would not
20 approve their loan modification.

21       On September 24, 2012, another Notice of Default was filed against Plaintiffs' property. The
22 following day, Plaintiffs filed their first complaint against Defendant in San Diego Superior Court.
23 In that complaint, Plaintiffs alleged four claims for relief: (1) violations of California Civil Code §
24 2943 and 12 U.S.C. § 2605, (2) wrongful initiation of foreclosure, (3) quiet title and (4) breach of oral
25 contract. Defendant removed the case to this Court on October 26, 2012. In response to that
26 complaint, Defendant filed a motion to dismiss, which the Court granted in part and denied in part.
27 The Court granted Plaintiffs leave to file a First Amended Complaint ("FAC"), which they did.

28

---

[1] The assignment referred to is the January 31, 2003 assignment between Reunion and Amro.

In the FAC, Plaintiffs realleged their claims for violations of California Civil Code § 2943 and 12 U.S.C. § 2605 and breach of oral contract.[2] In response, Defendant filed another motion to dismiss, which the Court granted in part and denied in part, giving Plaintiffs leave to file a Second Amended Complaint ("SAC"). Plaintiffs thereafter filed a SAC that realleged the claims in the FAC. Less than a month later, Plaintiffs dismissed their case without prejudice.

Less than two months after dismissing their case, Plaintiffs filed the present Complaint in San Diego Superior Court. That Complaint alleges the same four claims set out in Plaintiffs' first complaint, as well as a claim for declaratory relief, and two additional claims for intentional and negligent misrepresentation. As with the first complaint, Defendant removed the present Complaint to this Court, and now moves for dismissal of the Complaint in its entirety.[3]

## II.

## DISCUSSION

Although the present case has been assigned a new case number, it is clearly a continuance of Plaintiffs' first case, which was filed more than one year ago in San Diego Superior Court. Through motion practice in that case, two of Plaintiffs' original claims (wrongful initiation of foreclosure and quiet title) were dismissed. The Court also declined to consider Plaintiffs' claim for declaratory relief because Plaintiffs failed to request leave to amend to add that claim, and the claim could have been, but was not, raised in the original complaint.

Rather than proceeding with the two remaining claims (violations of California Civil Code § 2943 and 12 U.S.C. § 2605 and breach of oral contract), Plaintiffs chose to dismiss their case, only to file another case in state court in which they realleged all of the claims previously asserted, including those that had been dismissed or rejected, as well as two additional claims. Although

---

[2] Plaintiffs also added a claim for declaratory relief in their FAC. However, the Court declined to consider that claim because it could have been, but was not, alleged in the original complaint. *See R.P. ex rel. C.P. v. Prescott Unified School Dist.*, 631 F.3d 1117, 1123-24 (9th Cir. 2011) (finding no abuse of discretion in denying leave to amend to add new claim where claim could have been, but was not, alleged in original complaint).

[3] While this motion was pending, the Court issued an Order to Show Cause why this case should not be dismissed for lack of diversity jurisdiction. Defendant filed a response to that Order, which reflects the existence of complete diversity between the parties. Therefore, the Court proceeds to the present motion.

1  Federal Rule of Civil Procedure 41(a)(1)(A)(i) allowed for that dismissal, Plaintiffs did not alter the
2  removability of their case.[4]  Rather, Plaintiffs appear to be forum shopping.  To discourage that
3  conduct, the Court will not revisit its decision dismissing the claims in the previous case (wrongful
4  initiation of foreclosure and quiet title), nor will it revisit its decision to decline consideration of the
5  claims that could have been, but were not raised in Plaintiffs' initial complaint (intentional
6  misrepresentation, negligent misrepresentation and declaratory relief).  This leaves only Plaintiffs'
7  claims for violation of California Civil Code § 2943 and breach of oral contract, which the Court
8  addresses below.

9  On the § 2943 claim, Defendant raises the same arguments raised in its first two motions to
10 dismiss this claim.  For the reasons set out in the Court's previous orders, those arguments do not
11 warrant dismissal, and thus Defendant's motion to dismiss this claim is denied.

12 The same result applies on Plaintiffs' claim for breach of oral contract.  Here, again, Defendant
13 raises the same arguments raised in its first two motions to dismiss.  The Court rejected the arguments
14 raised in Defendant's first motion, and agreed with the arguments raised in Defendant's second
15 motion.  Plaintiffs have corrected the deficiencies set out in the latter arguments, and thus Defendant's
16 motion to dismiss this claim is denied.

### III.

### CONCLUSION AND ORDER

19 For these reasons, the Court grants in part and denies in part Defendant's motion to dismiss.
20 Specifically, the Court grants Defendant's motion to dismiss Plaintiffs' second, third, fifth, sixth and
21 seventh claims.  These claims are dismissed with prejudice and without leave to amend.  The Court
22 denies Defendant's motion to dismiss Plaintiffs' first and fourth claims.

23 **IT IS SO ORDERED**.

24 DATED: October 29, 2013

_____
HON. DANA M. SABRAW

---

[4] It appears Plaintiffs attempted to alter the removability of their case on the ground of federal question jurisdiction by omitting their claim for violation of 12 U.S.C. § 2605.  However, Plaintiffs did not alter the removability of their case on the ground of diversity jurisdiction.

1 | United States District Judge
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28